JANSEN, P.J.
(concurring).
I concur in the majority opinion. I write separately to emphasize that the holding in this case is inherently fact-specific and does not require authorization of expert witness funding in every termination case involving allegations of abuse or neglect or in every case in which the respondent cannot afford to consult with an expert witness. Expert witness funding is necessary in this case because there are two conflicting theories regarding the cause of JPY’s injuries. The St. John Hospital testing revealed no evidence of injury to the brain, while the Children’s Hospital interpretation of the same data revealed severe injuries and abnormalities indicative of abuse. As noted by the majority, the medical records indicated a “profoundly important contradiction,” and respondents’ attorneys could not resolve or understand the contradiction without expert assistance.
However, the reasoning in this case does not extend to all termination cases in which the petitioner alleges abuse or neglect, or in which the respondent cannot afford to consult an expert witness. Instead, in each case in which a respondent requests expert witness funding, the chief judge must employ the Eldridge due-process test to determine whether to authorize *139 reasonable expert witness funding based on the facts of the case at hand. See Mathews v Eldridge, 424 US 319, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976) (“[D]ue process is flexible and calls for such procedural protections as the particular situation demands”) (emphasis added). I respectfully concur.